The State, ex rel. A. & N. R. R., v. Lancaster County.

THE STATE, EX REL. A. & N. R. R., v. COUNTY COMMIS-
SIONERS OF LANCASTER COUNTY.

1. **Precinct Bonds**: The limitation in section two, Art. XII, of
   the constitution, prohibiting counties, except on a two-thirds vote,
   from issuing its bonds in excess of ten per cent of the valuation,
   does not prohibit a precinct from issuing its bonds in addition
   to the amount which may be issued by a county.

2. ———: Capitol precinct, at an election held on the sixteenth day
   of October, 1875, voted bonds to the A. & N. R. R. Co., to aid in
   an extension of its line. The bonds were to be placed in the
   hands of a trustee until the company had so far completed its
   road as to be entitled to them. The company immediately made
   a preliminary survey of its line, and the same was completed
   prior to November 1, 1875. *Held*, That the right of the company
   to the bonds in question had become vested, at the time the con-
   stitution of 1875 took effect, to such an extent that the company
   could require the bonds to be issued as provided in the proposi-
   tion, and placed in the hands of the trustee to await the final ac-
   tion of the company.

THIS was an application for a mandamus to compel the
commissioners of Lancaster county to issue $20,000 in
the bonds of Capitol precinct, and to place the same in
the hands of a trustee to be delivered to the relator upon
compliance with the terms upon which the bonds were
issued.

*S. B. Galey, R. E. Knight* and *James E. Philpott*,
for the relator.

*Brown, England & Brown*, for the defendants.

MAXWELL, J.

On the sixteenth of October, 1875, an election was
held in Capitol precinct, Lancaster county, to determine
whether the precinct would issue its bonds in the sum of
$20,000.00 to the A. & N. R. R. Co., to aid in an ex-

tension of its road.  A majority of the votes cast at the election were in favor of the proposition, and the county commissioners of said county, after a canvass of the same, declared the proposition carried.  By the terms of the proposition the bonds were to be issued and placed in the hands of a trustee, to be delivered to the company when a certain portion of the proposed extension was completed.  The company immediately after the result of the vote was declared made a preliminary survey of the proposed line, and had the same completed prior to the first day of November, 1875.  It is conceded that Lancaster county has issued nearly the entire amount of bonds authorized by statute. But two questions are presented for our consideration:

*First.* Can a precinct issue its bonds in excess of the limitation of ten per cent to which a county is restricted?

*Second.* Had the company by its acts so far performed the conditions of the proposition on its part as to have a vested interest in the bonds in question at the time the constitution of 1875 took effect?

Section two, Art. XII, of the constitution of 1875 provides, that " no city, county, town, precinct, municipality, or other subdivision of the state, shall ever make donations to any railroad or other work of internal improvement unless a proposition to do so shall have been first submitted to the qualified voters thereof at an election by authority of law; *Provided,* that such donations of a county, with the donations of such subdivisions in the aggregate, shall not exceed ten per cent of the assessed valuation of such county," etc.

Whatever the effect of the restriction upon a county, it is clear that it does not restrict the subdivisions named from issuing their bonds in the excess of the limit fixed for the county.  The commissioners therefore have authority to issue the bonds of the precinct for the desired improvement, if the relator, on a full compliance

with the terms of the proposition, is entitled to receive the same.

The company having accepted the conditions of the proposition, and having commenced work on the proposed extension on the faith of the bonds before the constitution of 1875 took effect, their right to the bonds in question had become vested to such an extent at that time, that if they complete the proposed extension within the time, and in conformity to the conditions of the proposition, they will be entitled to the bonds. Such being the case the company has a right to insist that the bonds shall be placed in the hands of a trustee to be delivered to them in case of full performance. But in case of the failure of the company to perform the conditions of the proposition the bonds to be surrendered to the county commissioners.

JUDGMENT ACCORDINGLY.