## No. 14,239.

VICKSBURG, SHREVEPORT AND PACIFIC RAILWAY COMPANY ET AL. VS. W. E. GOODENOUGH, TAX COLLECTOR OF THE TOWN OF RUSTON, ET ALS.

### SYLLABUS.

The fact that property taxpayers of a parish have authorized the levying of a five-mill tax on all the property in a parish, including that within the town therein in favor of a particular railroad enterprise is no constitutional obstacle to the imposition at the same time in favor of the same enterprise of a five-mill tax on all the property within the town, by the vote of the property taxpayers therein.

APPEAL from the Fourth Judicial District, Parish of Lincoln— *Dawkins, J.*

### STATEMENT OF THE CASE.

The plaintiffs alleged that they were owners of certain property in the town of Ruston, which they described; that that town had caused said property, through its tax collector, Goodenough, to be seized and advertised for sale; in enforcement of a five-mill tax levied for the year 1900 in favor and in aid of the Arkansas Southern Railroad Company, as assignee and transferee of the Alexandria Junction City and Shreveport Railroad Company, a corporation formerly organized and doing

business under the laws of Louisiana, with its domicile at Ruston. That by act of consolidation and transfer by authentic act of March 10, 1899, all the property rights and franchises of the said Alexandria Junction City and Shreveport Railroad Company were purchased and acquired by the Arkansas Southern Railroad Company, a corporation organized and doing business under the laws of Arkansas, with its domicile in Junction City in said State.

That said tax so sought to be levied and collected by the seizure and sale of their property was illegal, null and void, and in violation of the laws and Constitution of the State of Louisiana, for the following reasoins, to-wit:

1st.—Petitioners show that all the property, including their own, situated within the limits of the town of Ruston, Louisiana, and advertised for sale as aforesaid, is subject to parochial taxation by the Parish of Lincoln, in which said town of Ruston, Louisiana, is located; that on December 7th, 1897, pursuant to a petition from the taxpayers of Lincoln Parish, Louisiana, the Police Jury of the said parish ordered an election to be held in said Parish of Lincoln, on January 11th, 1898, to test the sense of the property taxpayers of the said parish as to the levy and collection of a five-mill tax for ten years, for and in favor of said Alexandria, Junction City and Shreveport Railroad Company; that said election was held as ordered; that said tax was carried, and that on January 17th, 1898, the said Police Jury of the Parish of Lincoln, by ordinance No. ——, promulgated the result of the said election, declared carried and levied said five-mill tax on all the property, real and personal, situated within the limits of Lincoln Parish, for ten years, to begin whenever said Alexandria, Junction City and Shreveport Railroad Company should be completed and in operation to the town of Ruston, in the said Parish of Lincoln, State of Louisiana. Petitioners show that the said railroad was completed to the town of Ruston on the —th day of September, 1899; that pursuant to its said ordinance the Police Jury of Lincoln Parish levied a five-mill tax on all property, real and personal, situated within the limits of the said parish for the year 1900, including the property of petitioners now seized and advertised by the tax collector of the town of Ruston, Louisiana, as aforesaid.

That they have paid to the sheriff and ex-officio tax collector of the

Parish of Lincoln, State aforesaid, the said five-mill tax levied by the Police Jury of the Parish of Lincoln for the year 1900, for and in aid of the said Arkansas Southern Railroad Company as assignee and transferee of the Alexandria, Junction City and Shreveport Railroad Company, on all the property owned by petitioners within the limits of said parish, including that portion of petitioner's property now seized and advertised for sale by the tax collector of the town of Ruston, Louisiana, as aforesaid, in order to collect an additional five-mill tax for the year 1900, in aid of the same railroad enterprise, to-wit: The said Arkansas Southern Railroad Company assignee and transferee of the said Alexandria, Junction City and Shreveport Railroad Company.

That this attempt by the town of Ruston to collect a second and additional five-mill tax for the year 1900 on the property of petitioners, in aid of said Alexandria, Junction City and Shreveport Railroad Company, is in violation of and without warrant and authority in the laws and Constitution of the State of Louisiana, and for the reason that two special taxes, each for five mills for ten years, cannot be levied on the same property in favor of the same enterprise.

2nd.—Petitioners show that, even if legal, which is specifically denied, said five-mill tax has not been levied according to law, in that no legal ordinance was passed by the trustees of said town of Ruston, Louisiana, levying and ordering said tax collected.

3rd.—That no notice that said taxes were due and delinquent, or demand for the payment of the same has ever been made according to law.

4th.—Petitioners show, further, that the said tax collector of the town of Ruston, Louisiana, is demanding in addition to said five-mill special tax, penalties thereon at the rate of two per cent. per month on the amount of the principal of said tax so sought to be collected from petitioners. That the demand and exaction of said penalty is illegal and without warranty or authority in law.

That unless restrained by order of this court, the said W. E. Goodenough, tax collector of the town of Ruston, Louisiana, will, on July 6th, 1901, sell petitioners' said property, as hereinbefore shown, to pay said illegal five-mill special tax and the illegal penalties demanded

thereon; that the sale of petitioners' said property will work an irreparable injury and that a writ of injunction is necessary to protect petitioners' rights in the premises.

In view of the premises, petitioners prayed that the said W. E. Goodenough, tax collector of the town of Ruston, Louisiana, and the town of Ruston, Louisiana, through its executive officers and Mayor, Z. L. Everett, and said Arkansas Southern Railroad Company, be duly cited to appear and answer hereto according to law; that a writ of injunction issue, forbidding and restraining the said W. E. Goodenough, tax collector of the said town of Ruston, Louisiana, from proceeding further with the advertisement and sale of petitioners' property to pay said illegal five-mill special tax, and penalties thereon in favor of the said Alexandria, Junction City and Shreveport Railroad Company, as hereinbefore set forth; that upon final trial, the said five-mill special tax and penalties sought to be levied and collected by the town of Ruston, Louisiana, on petitioners' said property situate in the limits of the town of Ruston, Louisiana, be declared to be illegal, null and void and without effect; that the injunction sued out herein be perpetuated and sustained in all its parts, and that the said W. E. Goodenough, tax collector of the town of Ruston, Louisiana, and the said town of Ruston, Louisiana, be forever prohibited from proceeding further in the advertisement and sale of petitioners' said property to pay said alleged five-mill special tax and the penalties demanded thereon.

Prayed also for all further orders and decrees necessary in the premises, for all costs and for full and general relief.

An injunction was ordered, and was issued as prayed for.

The defendants excepted.

First.—That the court had no jurisdiction over the subject matter alleged in plaintiff's petition, and that there was no law granting to courts authority to inquire into the matter of irregularity of elections or matters affected by the election, its promulgation, and the levy of the tax, unless Act No. 106 of the General Assembly of 1892 grants such authority, and in that event the right of action is limited to ninety days.

Second.—In the event that the court holds Act No. 106 of 1892 is applicable to elections held under Art. 270 of Constitution and Act

202 of 1898, then in that event defendant town of Ruston pleads the prescription of ninety days as a bar to plaintiff's action in this case, and as a bar to their right to recover, or sustain their demand.

Third.—The town of Ruston averred that more than a majority of her citizens in number and in property, in public mass meeting, assembled before the Arkansas Southern Railroad survey was made, and before the line was located, offered and proposed to the manager and president of said railroad and its promoters, that if they would run said railroad through Lincoln Parish and through the town of Ruston, and establish its depot within the corporate limits of the town, that they would get for the road the right of way, depot grounds, and vote to said road a five-mill parish tax and a five mill town tax and pay them five thousand dollars in money, which proposition was submitted to the officials of said railroad through the chairman of the mass meeting, and by said officials accepted. That more than a majority of the citizens of Ruston petitioned the town authorities to hold said election; that said election was legally held on April 25th, 1899, pursuant to said agreement and petitions and call, and that only three votes were cast against the tax and only $2250.00 worth of property against it; that said election was legally promulgated in April, 1899, and tax ordered, levied, assessed and collected, as soon as the said railroad reached the town of Ruston.

That the said railroad reached Ruston and established depots in December, 1899, and had been in operation ever since. That plaintiffs had full notice and knowledge of the election, acquiesced in the election, and they influenced others to vote. That they had legal notice that the tax was due and came forward in person or through agents and paid all their town tax, except the five-mill railroad tax. This they refused to pay and were thereby estopped from denying legal notice if not properly served.

That plaintiffs had stood silently by and with full knowledge of all the facts for more than two years from date of election, and permitted the Arkansas Southern Railroad Company to build the railroad, establish its depots and work shops, and expend large sums of money in good faith in the promises of the citizens and the five-mill tax voted by Ruston, and that plaintiffs, as well as the town of Ruston, had reaped the benefits of an enhanced value of property, an increase in-

trade, and freights, and population, and were, therefore, estopped at. this late date from denying the legality, irregularity or constitutionality of the tax or of the special election, or the assessment and collection of the tax, or from contesting the tax or its collection upon. any other ground.

Fourth.—Plaintiff's petition disclosed no legal cause of action and. no ground for injunction.

They prayed that these exceptions and pleas be sustained and that plaintiffs' suit be dismissed and the injunction dissolved with costs· and with legal and statutory damages..

These exceptions were referred to the merits.

The defendants, under benefit and reservation of their exceptions. answered. After pleading the general issue they admitted that the property of the two plaintiffs in this case was advertised for sale to enforce the payment of the five mills special tax voted in favor of the· Arkansas Southern Railroad Company by the town of Ruston on April 25th, 1899, and averred that said proceeding was legal and necessary for the reason that plaintiffs had refused to pay said taxes, of which they had due and ample notice.

That said special tax by the town of Ruston, in addition to the· special tax from the Parish of Lincoln, was demanded as an indispensable condition precedent to Arkansas Southern Railroad Company building its line of railway into Ruston; that said tax was explicitly· and publicly promised and pledged by the citizens of Ruston in mass meeting assembled; that the election was legally called, advertised and. held, and resulted in an overwhelming majority in number of votes and· value of property in favor of said tax, there being but three votes and $2250.00 of property cast against it; that the result of said election· was properly promulgated, and tax levied, and ordered collected, in· accordance with law.

That the Arkansas Southern Railroad was completed to Ruston 'n December, 1899, and all its obligations and duties under its contract with the people of Ruston were faithfully and fully performed, and· under said contract it was entitled to the tax of five mills for the year 1900, and that said tax had been cheerfully and promptly paid by all the property holders in the town of Ruston except these plaintiffs and· a few others who have enjoined in another suit on the docket of the· court.

448    SUPREME COURT OF LOUISIANA,

Railway Company et al. vs. Tax Collector et als.

That for said tax and other inducements, the Arkansas Southern Railroad would never have been built to and through the town of Ruston; that the building of said road had largely increased the population and the business and enhanced the value of all the property in the town of Ruston; that both of plaintiffs own a large amount of property within the corporate limits of said town; they have received and enjoyed immense benefits from the building of the Arkansas Southern Railroad, and it would be manifestly unjust and inequitable to permit them to enjoy the benefits and repudiate the obligations which their fellow property-holders had voluntarily assumed.

That said tax was voted under Article 270 of the Constitution of 1898 and Act 202 of 1898; that it was legal and constitutional and was voted with a full knowledge of all the facts, and plaintiffs stood aloof and made no opposition or contest in the time prescribed by law, nor until the Arkansas Southern Railroad Company had accepted in good faith and acted on the promulgated result of said election.

And assuming the attitude of plaintiffs in reconvention these respondents averred that the injunction sued out herein was wrongful, improvident and without legal cause; that respondents had been damaged thereby in delay, expense, trouble and attorneys' fees in the full sum of five hundred dollars special damages.

They prayed (defendants, W. E. Goodenough, tax collector, and Z. L. Everett, mayor of the town of Ruston) that the demands of plaintiffs be rejected; that the injunction be dissolved, and that the tax collector be ordered to proceed with the sale enjoined to enforce the payment of the special tax voted in favor of the Arkansas Southern Railroad Company, and that respondents have judgment against plaintiffs *in solido* for the sum of five hundred dollars special damages and for costs and general relief.

The parties entered into the following statement of facts:

1. It is agreed and admitted that the plaintiffs are property owners and taxpayers of the town of Ruston and the Parish of Lincoln, State of Louisiana, and residents of the Parish of Ouachita, in said State.

2. That plaintiffs are the owners of the property situated in the town of Ruston, Louisiana, as described in their petition, and in the advertisement of tax sale by W. E. Goodenough, tax collector of the town of Ruston, Louisiana, a copy of which is attached to the petition.

3.   That at the date of the filing of the petition herein, the town of Ruston, Louisiana, through its mayor and town authorities, and more especially its tax collector, W. E. Goodenough, had seized and advertised for sale on Saturday, July 6th, 1901, all the property belonging to the plaintiffs, situated in the town of Ruston, Louisiana, to pay a certain five-mill special tax, levied by the said town of Ruston, Louisiana, for the year 1900, in favor of and in aid of the Arkansas Southern Railroad Company, as assignee and transferree of the Alexandria, Junction City and Shreveport Railroad Company, together with penalties thereon at the rate of two per cent. per month on the amount of the principal of said tax sought to be collected from plaintiffs, in addition to other costs of seizure.

4.   That plaintiffs had, previous to the institution of this suit, paid all other State, parish, municipal and special taxes demanded by the State of Louisiana, the Parish of Lincoln, and the town of Ruston, for the year 1900, on all of their property within the limits of the Parish of Lincoln and the town of Ruston, State of Louisiana, at the following rate of levy, to-wit: To the sheriff and *ex officio* tax collector of the Parish of Lincoln: State tax, 6 mills; parish tax, 6½ mills; school tax, 1½ mills; Ruston district school tax, 4 mills; special tax levied by the Parish of Lincoln in aid of the Arkansas Southern Railroad Company, as the assignee and transferree of the Alexandria, Junction City and Shreveport Railroad Company, 5 mills; total rate of levy paid to the sheriff, 23 mills. To the town of Ruston: Town tax for special purposes, 5 mills; special waterworks and electric light tax, 5 mills. Total rate of levy for the year 1900 by plaintiffs on property situated within the limits of the town of Ruston, Louisiana, 32 mills.

5.   That all of plaintiffs' property within the limits of the town of Ruston, Louisiana, and advertised for sale as aforesaid, is subject to parochial taxation by the Parish of Lincoln, in which parish the said town of Ruston, Louisiana, is situated.

6.   That on December 7th, 1897, on the petition of the taxpayers of Lincoln Parish, Louisiana, the Police Jury of said parish ordered an election to be held in said Parish of Lincoln on January 11th, 1898, to test the sense of the property taxpayers of said parish as to the levy and collection of a special five-mill tax for ten years for and in favor of the Alexandria, Junction City and Shreveport Railroad Company; that

450     SUPREME COURT OF LOUISIANA,

Railway Company et al. vs. Tax Collector et als.

the said election was held as ordered, and said tax carried by a legal majority, and that on January 17th, 1898, the Police Jury of the Parish of Lincoln promulgated the result of said election, declaring the same carried, and levied the said special five-mill tax on all the property, real and personal, situated within the limits of Lincoln Parish (including that situated within the limits of the town of Ruston), and for ten years, to begin whenever said Alexandria, Junction City and Shreveport Railroad Company should be completed and in operation to the town of Ruston, in said Parish of Lincoln; and that at the said special election held by the Parish of Lincoln on January 11th, 1898, the property taxpayers of the town of Ruston participated in said election and voted thereat.

7. That on the —— day of ————, by notarial act; passed before W. R. Roberts, a notary public within and for the Parish of Union, State of Louisiana, the Arkansas Southern Railroad Company, one of the defendants herein, acquired all the property, rights, franchises and credits of the Alexandria, Junction City and Shreveport Railroad Company, including the said special five-mill tax voted by the property taxpayers of the Parish of Lincoln, first above set forth.

8. That said railroad was completed to the town of Ruston on the —— day of ————; and that the Police Jury of Lincoln Parish levied the said five-mill special tax in aid of said railroad company on all property, real and personal, situated within the limits of said parish, for the year 1900, including the property of the plaintiffs, seized and advertised by the tax collector of the town of Ruston, Louisiana, as hereinabove set forth.

9. That plaintiffs have paid to the sheriff and *ex officio* tax collector for the Parish of Lincoln, State aforesaid, the said five-mill special tax, levied by the Parish of Lincoln for the year 1900, for and in aid of the Arkansas Southern Railroad Company as assignee of the Alexandria, Junction City and Shreveport Railroad Company, on all the property owned by plaintiffs within the limits of said parish, including that portion of the plaintiffs' property seized and advertised for sale by W. E. Goodenough, tax collector of the town of Ruston, Louisiana, as above shown.

10. That the said five-mill special tax voted by the property taxpayers of the Parish of Lincoln, in aid of the said Alexandria, Junction

City and Shreveport Railroad Company and now owned by the Arkansas Southern Railroad Company, was levied for the first time on the tax roll of 1900, and is still due and collectible for each of the nine years succeeding the year 1900.

11. That the said special five-mill tax in favor of the Alexandria, Junction City and Shreveport Railroad Company (now owned by the Arkansas Southern Railroad Company), sought to be levied by and collected by the town of Ruston, Louisiana, by the seizure and sale of the plaintiffs' property, is also sought to be levied for a term of ten years, from the year 1900 to the year 1909, both inclusive.

12. That the Arkansas Southern Railroad Company is the assignee and transferree and owner of all the property, rights, franchises and credits of the Alexandria, Junction City and Shreveport Railroad Company, including the five-mill special tax levied by the Parish of Lincoln, for a period of ten years, beginning with the year 1900, in aid of the said road; and the said special five-mill tax sought to be levied and collected by the town of Ruston for a period of ten years from the year 1900, in aid of the said Alexandria, Junction City and Shreveport Railroad Company.

13. That on the —— day of March, 1899, on petition of the property taxpayers of the town of Ruston, but which petition was not signed by either of the plaintiffs herein, the mayor and council of said town ordered a special election to be held by the taxpayers of said town of Ruston on April 25th, 1899, to test the sense of the property taxpayers of said town as to the levy and collection of a special five-mill tax for ten years, for and in favor of the Alexandria, Junction City and Shreveport Railroad Company, since acquired by the Arkansas Southern Railroad Company; that said election was duly advertised, and held as ordered; that plaintiffs did not vote at said election, and said tax carried by a majority in number and amount, and on May 2nd, 1899, the mayor and council of the town of Ruston promulgated the result of said election, declaring the same carried, and levied the said special five-mill tax on all the property, real and personal, situated in the corporate limits of Ruston, for the years, to begin whenever said company should complete and put in operation its railroad to the town of Ruston; that said road was completed and put in operation on the 4th day of December, 1899, and said special tax was levied for the year

1900 and collected from all the taxpayers of Ruston, resident and non-resident, except the plaintiffs in this suit, and the plaintiffs in the suit of M. A. Laurence *et als.* vs. W. E. Goodenough *et als.,* now pending on the docket of the District Court of Lincoln Parish, which latter suit has eight plaintiffs and enjoins the collection of less than one hundred dollars of tax.

14.    That plaintiffs were duly notified by the tax collector of the town of Ruston, Louisiana, that all town and special taxes for 1900 were due and unpaid, and on December 26th, 1900, plaintiffs made a tender to the tax collector of all taxes due except the tax enjoined herein, which plaintiffs refused to pay, and the said tender was accepted by the tax collector, leaving the special tax of five mills in aid of the railroad, herein enjoined, to be collected.

This September 10th, 1901.

> STUBBS & RUSSELL,
> *Attorneys for Plaintiffs.*
> F. W. PRICE,
> A. A. GUNBY,
> *Attorneys for Defendants.*

The District Court rendered judgment in favor of the plaintiffs, sustaining the injunction sued out against the defendant Goodenough, tax collector, to the extent of preventing the defendant from attempting to sell the property of the plaintiffs for the purpose of collecting the two per cent. penalty. And it further ordered that in all other respects the injunction be dissolved, with permission to the defendants to proceed to the collection of the special tax of five mills. It is further ordered that the demand in reconvention be rejected, and that defendants pay costs. Done, read and signed in open court this 10th October, 1901.

The plaintiffs appealed.

Defendants moved in the Supreme Court to amend the judgment by allowing five per cent. interest on the taxes enjoined from the date they fell due (January 1st, 1901) and by rendering judgment against plaintiffs in favor of defendants for one hundred dollars damages.

----

*Farrar, Jonas & Kruttschnitt,* and *Andrew Augustus Gunby,* for Arkansas and Southern Railroad Company, Defendant, Appellee.

*Stubbs & Russell (Frank P. Stubbs, Jr.,* of counsel), for Plaintiffs Appellants.

*Fred. W. Price,* for Town of Ruston and Arkansas Southern Railroad Company, Defendants, Appellees.

The opinion of the court was delivered by

NICHOLLS, C. J. The main issue in this case, as appears by the agreed statement of facts accompanying this opinion, is as to the constitutional right and power and the extent of the constitutional right and power of the taxpayers of the town of Ruston, in Lincoln Parish, to tax themselves in aid of a railroad enterprise, independently of the action of the taxpayers of the Parish of Lincoln, under the provisions of Article 270 of the Constitution of 1898. The question is whether, after the taxpayers of the Parish of Lincoln as such, had voted in favor of a five-mill tax in aid of the construction of a railroad upon all of the property of that parish, including that within the town of Ruston, the taxpayers of the town of Ruston, as such, had the right and authority to vote in favor of a second five-mill tax in aid of the construction of the same or another railroad upon all the property in the town of Ruston. The plaintiffs urge that they had no such right, and that the power of the taxpayers of the town to tax themselves for such a purpose was exhausted when the taxpayers of the parish had exercised their right of having a five-mill tax levied for that purpose on all of the property in the parish. They object that the taxpayers of the town cannot be made to contribute a ten-mill tax in aid of the construction of a railroad when those of the balance of the parish are to contribute only a five-mill tax for the same road or for other roads.

Article 232 of the Constitution of 1898 declares that the State tax on property for all purposes whatever, including expense of government, schools, levees and interest, should not exceed in any one year six mills on the dollar of its assessed valuation, and except as otherwise provided in this Constitution, no parish, municipal or public board tax for all purposes whatsoever shall exceed in any one year ten mills on the dollar of valuation, provided that for giving additional support to public schools and for the purpose of erecting and constructing public buildings, public school houses, bridges, wharves, levees, sewerage work and

other works of permanent public improvement, the title to which shall be in the public; any parish, municipal ward, or school district, may levy a special tax in excess of such limitation whenever the rate of such increase and the number of years it is to be levied and the purposes for which the tax is intended shall have been submitted to a vote of the property taxpayers of such parish, municipality, ward or school district, entitled to vote under the election laws of the State, and a majority of the same in numbers and in value voting at such election shall have voted therefor.

Article 270 declares that the General Assembly shall have power to enact general laws authorizing the parochial ward and municipal authorities of the State, by a vote of the majority of the property taxpayers in number entitled to vote under the provisions of this Constitution and in value to levy special taxes in aid of public improvements or railway enterprises; provided that such tax shall not exceed the rate of five mills per annum, nor extend for a longer period than ten years, and provided further that no taxpayer shall be permitted to vote at such election, unless he shall have been assessed in the parish, ward, or municipality, to be affected for property the year previous. The Article of the Constitution of 1879 corresponding to Art. 270 of that of 1898 was Art. 242. It read as follows: "The General Assembly shall have power to enact general laws authorizing the parochial or municipal authorities of the State, under certain circumstances, by a vote of the majority of the property taxpayers in numbers and in value to levy special taxes in aid of public improvements or railroad enterprises, provided that such tax shall not exceed the rate of five mills per annum, nor extend for a longer period than two years."

The General Assembly in 1898 passed a law known as Act No. 202 entitled: "An Act authorizing the parochial, ward and municipal authorities of the State, by a majority vote of the property tax-payers including women property taxpayers in number entitled to vote under the provisions of the Constitution of 1898, and in value to levy special taxes in aid of public improvements or railway enterprises when authorized by a vote of a majority of the property taxpayers in number entitled to vote under the provisions of the Constitution and in value, provided that such tax shall not exceed the rate of five mills per annum, nor extend for a larger period than ten years, and provided

further that no taxpayer shall be permitted to vote at such election unless he shall have been assessed on the parish, ward or municipality, to be affected for property the year previous.

The second section provided that the petition shall be signed by the property taxpayers of such parish, ward or municipality and shall designate the object and amount of the taxes to be levied each year and the number of years it shall be levied.

The seventh section provided that the Police Jury of any parish for said parish, or any ward therein or the municipal authorities of any municipality shall, when the vote is in favor of the levy of said taxes, levy and collect annually in addition to other taxes a tax upon all taxable property within said parish, ward or municipality, an amount sufficient to pay the amount specified to be paid in said petition, and such Police Jury and municipal authorities shall have the same authority and right to enforce the collection of such special tax as may be authorized by such election as is or may be conferred upon them for the collection of other taxes, which taxes so collected shall be paid for the purposes named in said petition and paid over when collected by the proper officers to the treasurer for the person or corporation entitled thereto after deducting lawful commission for collecting same.

The taxes referred to in Article 232 of the Constitution as parish, municipal or public board taxes, are those which are levied by the political bodies named in their regular, general and well recognized powers of administration. The Constitution, after ordaining that no parish, municipal or public board tax shall exceed in any one year ten mills on the dollar, added by way of proviso that any parish, municipal corporation, ward or school district may, for certain purposes specially enumerated, levy a special tax in excess of the said limitation whenever the rate of such increase and the number of years it is to be levied and the purposes for which the tax is intended shall have been submitted to a vote of the property taxpayers of such parish, municipality, ward or school district entitled to vote under the election laws of the State and a majority of the same shall have voted therefor. It will be seen that the action of the taxpayers at the election here provided for is not to constitute these various local authorities, public agencies, to carry out the expressed will of the taxpayers in respect to matters outside of their regular ordinary legislative authority and functions, but to sim-

ply furnish additional means to those which might be deemed neces-
sary to carry out properly and successfully certain specified .objects
already falling under and within their general jurisdiction. The taxes
to be levied and collected were still to be parish taxes, municipal taxes
and public board taxes, and to be utilized and administered upon by
the local authorities in their respective capacities.                    ▷

The taxes to be levied and raised under Art. 270 of the Constitution
are for purposes which are withdrawn entirely from within the jurisdic-
tion of these local authorities acting in their general legislative capaci-
ties.    Any action taken for the purpose of affording aid to public
improvements of the character referred to in Art. 270 of the Constitu-
tion and for railway enterprises would be taken not of the parish
or municipalities or wards, through authorities acting for and in behalf
of the corporate bodies, but for the property taxpayers of the parishes;
those of the municipalities and those of the wards supposed to be
specially interested and affected thereby.   To the property taxpayers
within certain territorial limits, identical with those of certain recog-
nized political subdivisions was granted "local option" in respect to
furnishing the aid authorized to be extended by Art. 270 of the Con-
stitution.   The taxpayers within the parish limits, those within the
municipal limits, and those within the ward limits, were each vested
with local option power of limited taxation for local benefit in respect
to the particular subject of extending aid for railway enterprises. The
elections to be held within these different territories to ascertain the
will of the taxpayers on this subject are not initiated by these authori-
ties, but called by the parochial authorities at the instance of tax-
payers, residing anywhere within a parish when aid is sought to be
extended by the taxpayers of the parish at large, and by the city or
town authorities when the aid is sought to be extended by the tax-
payers of a city or town.   The elections held are parish elections or
city elections as the case may be, the votes are cast and the result
announced under different sets of officials, so also are the taxes levied,
collected and distributed.   Where a taxpayer within a city votes at a
parish election, he votes as a parish taxpayer; when he votes at a town
election, he does so as a city taxpayer; when aid is sought to be ex-
tended by the parish taxpayers the interests of particular towns within
the parish limits are only incidentally considered and concerned.  The

benefit to the parish as a whole is the object in view; when aid is sought to be extended by the city, it is the interest of the taxpayers of that particular city and the benefits to be received by them which controls the situation.

Counsel for defendant in their brief say: "The source and object of these special taxes are so essentiallly different from those of ordinary governmental taxation, that entirely different rules of interpretation have been, and must be applied to the two cases. A local assessment is not a tax, but a consideration for the enhancement of the value of the property of the community. This court has expressly decided that a local assessment is not a tax *eo nomine,* and is not governed by the provisions of the Constitution on the general subject of taxation, but is levied entirely independently of all said provisions. (Munson vs. Board of Commissioners, 43 Ann. 15.) They refer the court, in support of the position taken by them in this case, to Town of Mansfield vs. Parish of DeSoto, 47 Ann. 1257; Fullilove vs. Police Jury of Bossier, 51 Ann. 359; Wilson vs. Board of Trustees of the Sanitary District of Chicago, 133 Ill. 443. (36 Am. & Eng. Cnp. Cases, 340.) Adams and East River Savings Institution, 136 N. Y. 52 (N. E. Reporter); State vs. Lancaster Co., 6 Neb. 214; Jones vs. Hurlburt, 13 Neb. 131; Irwin vs. Loire, 89 Ind. 540; Todd vs. City of Laurens, 48 S. Car., 395 (26 S. E. Rep., 682.)

City of Iola vs. Merriman, 46 Kan. 39 (36 Am. & Eng. Cnp. Cases, 569; 26 Pac. Rep. 485); Scott vs. Hansheer, 94 Ind. 1 (7 Am. & Eng. Cnp. Cases, 353); United States vs. Macon County Court Justices and Treasurer (75 Fed. 259); Adams & East River Savings Inst. (20 N. Y. Supp. 12); Board of Education vs. Bitting (9 New Mex. Rep. 588); State vs. Common Council (71 N. W. 87); Wabash, St. Louis & Pac. Ry. Co. vs. McCleve, 108 Ill. 368; Board of Ed. vs. National Life Ins. Co., 94 Fed. 324; C. B. & 2 R. Co. vs. Klein, 52 Neb. 258; Campbell vs. City of Indianapolis, 155 Ind. 186; Etna Life Ins. Co. vs. City of Burnton (75 Fed. 962.)

The plaintiff relies principally upon the substitution of the word "and" in Art. 270 of the Constitution of 1898, for the word "or" in Art. 242 of the Constitution of 1879, which bore upon the same subject matter, and the fact that Mr. Justice Miller, the organ of the court in Washington State Bank vs. Baillio (47 Ann. 1471), in construing Art.

209 of the Constitution of 1879 gave weight to the use of the word "or" instead of the word "and" in reaching his conclusions, saying: "The alternative, we think, marks the limitation for the town or parish, not the aggregate of the tax of both—each is entitled to levy a tax up to ten mills." In the original opinion in that case the court said: "If the view prevailed that the parish and town tax together was intended to be subject to the ten-mill limitation, then the tax of either might exclude or leave little scope for the tax by the other." In the opinion on rehearing, allusion was again made to the disjunctive "or" as indicating an intention in that article to deal with parish taxation and municipal taxation separately. The court in that opinion said: "If, as stated in the original opinion, the limit was applicable to the aggregate of parish and town taxation, there would be no specific limit on each, and hence no guide for each to observe. The parish might attempt to tax up to the ten mills and so might the town. In that contingency the aggregate taxation could not be maintained and the courts would have to distribute the tax between the parish and town—a function legislative in character not judicial."

We do not give to the expressions of the organ of the court in that case the force and scope that plaintiffs attach to them. The word "or" is frequently used as having the same meaning as "and," particularly in permissive affirmative sentences. We are satisfied with the conclusions reached in that case and the basis upon which they were really based.

There is nothing unusual in the fact that the taxpayers within a particular territory should have to pay taxes at the same time to different taxing political organizations for the same purpose. We have had in this State for years levee taxes, levied simultaneously by the General Assembly on the property of the parish, and by municipalities on the property of the city. We have now taxes levied for general school purposes by the State and special local purposes by subordinate local organizations. In levying these taxes these bodies do not act jointly but independently of each other. Plaintiffs' special objection seems to be leveled at the fact that the same railroad company should have received aid from both the parish taxpayers as a whole and the taxpayers of one of the towns through which it passes, but that fact does not reach the legal question involved. If the taxpayers of the town had the legal right and power to tax their property in aid of a

railroad enterprise, notwithstanding the fact that the taxpayers of the parish had also consented to tax their property to aid in the construction of a railroad enterprise, they were left free to exercise their right and power in the special direction they might think best for their local benefit and interest. There was no constitutional or statutory restriction or limitation upon their action. They were the best and only judges as to what was most needed for their local requirements, and if local interests in their judgment would be best subserved by contributing to the construction of the same railroad to which the parish taxpayers as a whole had consented to contribute this, was simply a matter of fact arising out of special local conditions playing no legal part whatever in the premises.

The plaintiffs, property taxpayers in the town of Ruston, enjoined the enforcement with interest and penalties upon their property of a five-mill tax, levied in aid of the construction of a railroad through that town by the Junction City, Alexandria and Shreveport Railroad Company.

The District Court rendered judgment in favor of the plaintiffs, sustaining their injunction to the extent of preventing the defendants from attempting to sell the property of plaintiffs for the purpose of collecting the two per cent. penalty. It decreed that in all other respects their injunction be dissolved with permission to the defendants to proceed to the collection of the special tax. It furthermore rejected the demand filed in reconvention and that defendant pay costs.

Plaintiffs appealed, and defendants prayed that judgment be amended by allowing five per cent. interest on the taxes from the date they fell due and awarding them five hundred dollars for damages.

We think the judgment appealed from should be amended so as to allow legal interest on the taxes from the date they fell due. We do not think damages should be allowed. See 104 La. 284, R. R. Cos., Receiver, vs. Sheriff; Vicksburg, Shreveport and Pacific R. R. Co. vs. Traylor, 105 La· 748.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed in so far as it perpetuates plaintiff's injunction restraining the tax collector from payment of the taxes claimed, with legal interest thereon, from

the date at which payment thereof became due, and it is now ordered, adjudged and decreed, that plaintiffs' injunction in that respect be dissolved with permission granted to the defendants to proceed with the collection of the tax claimed with legal interest thereon from the date that payment thereof became due, and that as so altered and amended the judgment appealed from is affirmed, appellants to pay the cost of the appeal.

Rehearing refused.