UNITED STATES ex rel. HUIDEKOPER v. MACON COUNTY COURT JUSTICES AND TREASURER.

(Circuit Court, E. D. Missouri, W. D.  April 23, 1887.)

No. 107.

1. WARRANTS ON COUNTY FUND—PARTIAL PAYMENT.
  Though warrants on a county fund are payable in the order of registration, it is not necessary, where several are registered at the same time, that enough to satisfy all be accumulated before there is any payment, but, a reasonable amount being accumulated, it should be distributed among them.

2. SAME.
  A county, with power to levy a tax of five mills for county purposes, having levied only three mills for such purposes, cannot refuse to apply funds to payment of warrants which have been registered for years, on the ground that such funds are needed for current county expenses.

3. SAME—LEVY OF TAX.
  A county which levies a tax of only three mills for county purposes, though having power to levy five mills for such purposes, cannot object to levying the other two mills for payments of registered warrants against the county, on the ground that a township levy of two mills was really for county purposes; a township being a separate organization, having control of roads and bridges, and whose board levies all taxes for township, road, and bridge purposes. 2 Rev. St. Mo. 1879, §§ 7434, 7476, 7489.

Mandamus, on the relation of Alfred Huidekoper, against the Macon county court justices and treasurer.

Joseph Shippen and Cunningham & Eliot, for relator.
Robert G. Mitchell, for respondents.

BREWER, Circuit Judge. The relator, who has a judgment against Macon county, and a registered warrant issued in pursuance of the mandate of this court, now asks two further orders based upon these facts: His warrant is drawn upon the general fund. In that fund is a trifle over $14,000. There is a prior registered warrant of seven thousand and odd dollars in favor of the county school fund. At the same time that relator's warrant was registered other warrants were also registered, amounting to about $180,000.

We think, upon these facts, the relator is entitled, as in the first place he prays, to an order on the treasurer to pay to him his pro rata of the surplus in the treasury after paying the school-fund warrant. The defendants interpose two objections to this. They say, first, that orders are to be paid in the order of priority of registration, and that no warrant can be paid until it is surrendered to the treasurer. As these warrants were all registered at the same time, it follows that none could be paid until there was money enough in the treasury to pay all. This would compel the treasurer to retain these funds until they had accumulated to nearly, if not quite, $200,000. This is absurd. Whenever any reasonable amount has accumulated, it should be distributed, and the order of the court is full protection to the officer. Secondly, they say that all this money is needed for current county expenses. But this warrant was registered years ago, and the law provides that warrants shall be paid in the order of registration. Further, it appears, as we shall hereafter see, that the county has not levied the full amount that it could have done for county purposes. It may be here remarked, in passing, that the division by the county board into separate funds is immaterial, for they all constitute, in fact, simply portions of one general fund.

The county court levied three mills for county purposes. The limit at the date of the issue of the bonds, as well as at the present time, was and is five mills. The relator asks an order for a levy of two mills, the proceeds to be applied to the payment of the several registered warrants. Defendants object that there was a township levy of two mills, and that this was really for county purposes. We think not. The township is a separate organization, a body corporate, with power to sue and be sued, purchase and hold real estate, make contracts, and regulate its corporate property. 2 Rev. St. 1879, § 7434. The township board levies all taxes for township, road, and bridge purposes. Id. § 7476. The township has control of roads and bridges. Id. § 7489 and following. So that what is levied for township purposes cannot be considered as levied for county purposes. We think, therefore, the relator is entitled to an order for the levy of the two mills and the distribution of the proceeds pro rata between the holders of the several registered warrants.

The same order will be entered in the other mandamus cases pending in this court in which the relators hold registered warrants of same date drawn on the general fund.