# William P. Shade, Appellant, v. City of Taylorville, Appellee.

1.  MUNICIPAL CORPORATIONS, § 403*—*what deemed part of paving funds for payment of contractor's claim.* Money to be raised by general taxation for street paving must be regarded as paid into the city paving funds and subject to being applied to the extent that it would go to the liquidation of the contractor's claim.

2.  MUNICIPAL CORPORATIONS, § 404*—*how cannot escape legal obligation to pay for special assessments for paving purposes against own property.* A city cannot defeat its legal obligation to pay for special assessments for paving purposes against its property by stipulating in the contract with the contractor that the city should not be held liable to pay the contractor any money to be raised by special taxation until it was in fact paid into the city treasury.

3.  MUNICIPAL CORPORATIONS, § 347*—*when ordinance is insufficient to warrant payment of costs and expenses of improvement out of special assessment funds.* An ordinance passed by a city of less than 100,000 population, providing that the whole cost and expense of improvement of streets and street and alley intersections, and the expense of levying the special tax and also the entire cost attending the making of the assessment roll and including the fees of the superintendent of special assessments and court costs, to an amount not exceeding 6 per cent of the total amount of said tax, shall be raised and paid for by special taxation of the abutting property and the remainder be paid by general taxation, fails to provide for any "certain sum" to defray the costs and expenses incident to the improvement, and is defective under section 94 of the Local Improvement Act (J. & A. ¶ 1489), and it is hence improper for the city to pay such expenses out of the funds raised by special assessment.

4.  MUNICIPAL CORPORATIONS, § 404*—*what constitutes diversion and misappropriation of paving funds.* The payment of the costs and expenses incident to the improvement of a street out of the paving funds raised by special assessment is a diversion and misappropriation of such funds to that extent when the ordinance providing therefor is invalid because not providing for a "certain sum" for such purpose.

5.  MUNICIPAL CORPORATIONS, § 404*—*when money improperly diverted treated as part of paving fund.* Money improperly diverted out of the paving funds raised by special assessment to pay the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

costs and expenses incident to street paving improvements should be treated as still in the hands of the city and available for the payment on any balance due the contractor on his contract.

6. MUNICIPAL CORPORATIONS, § 416*—*when interest allowed in favor of contractor.* Interest is chargeable in favor of a paving contractor against a city on funds illegally diverted from paving funds and on all unpaid instalments of special assessments.

7. APPEAL AND ERROR, § 1802*—*when cause remanded for further proceedings upon reversal.* In an action by a contractor against a city on a street paving contract, the cause will be remanded for further proceedings, upon reversal in favor of the contractor, where the data afforded by the record are insufficient to enable the court to make computations upon which judgment can be entered.

Appeal from the Circuit Court of Christian county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 22, 1918.

L. A. MILLS and MILLS BROTHERS, for appellant.

EDWARD E. ADAMS, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is a suit in assumpsit brought by appellant as the surviving partner of the firm of P. H. Hunt & Company, a copartnership, to recover of appellee an unpaid balance due the partnership on a street paving contract. It is not disputed that the proceedings of the city council, and in the Probate Court under which the contract in question was let, were regular; that the contract was properly let and entered into; and that the work was performed in substantial conformity with such contract and accepted by the city, or that there is unpaid on the contract the principal sum of $10,472.41. The contested questions are whether appellee has paid the part of the cost of the pavement which the Probate Court of Christian county adjudged it should pay, and whether it has now or has had and still should have in its possession, funds which should be applied to the payment of the unpaid balance on

the contract sued on and whether interest on this unpaid balance is collectible, and, if so, from what date to what date.

A trial by jury was waived and the case was tried by the court. The finding and judgment were in favor of the defendant and against the plaintiff in bar of his action and for costs.

The record here discloses that the assessment roll, as finally approved by the Probate Court, provided for ample funds with which to pay the contract price of the pavement. The order confirming the assessment roll required appellee to pay $23,338.45 of the total amount of which $17,846.30 was an assessment for public benefits and included the estimated expense of paving the street and alley intersections, $718.75 was a special assessment against certain property belonging to appellee, abutting on the pavement, and $4,773.40 was for the special assessment for which the county of Christian would have been liable except for a previous arrangement between the county and appellee, under which the Probate Court adjudged appellee was bound to pay it. The validity and binding force of that judgment are not questioned in this case. With that order and judgment of the Probate Court standing unchallenged, appellee contracted with the partnership of which appellant was a member to do the proposed paving, and bound itself to pay therefor in cash from time to time as the work progressed the $17,846.30 assessed for street and alley intersections, and the $4,773.40, the amount originally assessed to the county of Christian but which the city was ordered to pay, and to pay on the remainder of the contract price of the pavement, within 10 days after the work was completed and accepted, all moneys that had then been paid in on special assessments against abutting property, and to pay the remainder of the contract price when and as the remainder of special assessments against abutting property should be paid. This

contract is very poorly drawn so far as the stipulations in it regarding payment is concerned, but the construction just placed on its provisions is the only one that can be given it, consistent with the law and the language employed. The $23,338.45 to be paid by appellee was to be paid from moneys to be raised by general taxation, and so far as appellant is concerned must be regarded as paid into the paving funds and subject to being applied to the extent it will go to the liquidation of appellant's claim. The stipulation in the contract that the city should not be held liable to pay to appellant any money to be raised by special taxation until it was in fact paid into the city treasury cannot be held to apply to moneys due from the city on special assessments. It would be strange law that would permit a city to defeat its own legal obligations by a wilful or negligent failure on its part to turn into the paving fund the amount duly assessed against it for public improvements or special benefits to its property. *Conway v. City of Chicago*, 237 Ill. 128, and *City of Chicago v. Conway*, 138 Ill. App. 320. Of the $23,338.45 which the city was ordered to pay into this paving fund, or to expend in the liquidation of appellant's claim for the performance of his contract, it in fact so paid and expended only $19,221.94, leaving a balance due from the city to that fund of $4,116.50.

Out of the funds paid into the city treasury on special assessments against other property than that owned by the city, the city had paid various items of expense under claim of right, but which it had in fact no right to pay out of this paving fund.

Section 94 of the Local Improvement Act (J. & A. ¶ 1489) is as follows:

"The cost and expenses of maintaining the board of local improvements herein authorized, of paying the salaries of the members of said board, and the expense of making and levying special assessments or special taxes and of letting and executing contracts; and also

the entire cost and expense attending the making and return of the assessment rolls and the necessary estimates, examinations, advertisements, etc., etc., connected with the proceedings herein provided for, including the court costs, including the fees to commissioners in condemnation proceedings, which are to be taxed as above provided, *shall be paid by the city, village or town out of its general fund:* Provided, however, that in cities, towns or villages of this State having a population of less than one hundred thousand by the last preceding census of the United States, or of this State, the city, village or town, as the case may be, may in and by the ordinance providing for the assessment prescribed, provide that a *certain sum,* not to exceed six per centum of the amount of such assessment, shall be applied toward the payment of the aforesaid, and other costs of making and collecting such assessment.''

Section 2 of the ordinance providing for the paving in question is as follows:

''That the whole cost and expense of improvement of said streets as aforesaid, as provided for in Section 1 of this Ordinance, and the whole cost and expense of the improvement of all street and alley intersections lying and being between said above described points on said streets, and the expense of levying special tax and also the entire cost attending the making of the assessment roll and including the fees of the Superintendent of Special Assessments and the court costs, to an amount not exceeding six per cent of the total amount of said tax, shall be raised and paid for by special taxation of the abutting property, to be levied upon the abutting property benefited thereby, to the amount that the same may be legally assessed therefor, and the remainder of such cost to be paid by general taxation.''

While this section of the ordinance was undoubtedly passed for the purpose of raising funds to defray the costs and expenses incident to the proposed improvement, it fails signally to comply with the express terms of the proviso in section 94 of the Local Improvement

Act, a compliance with which alone can exempt the city from paying such costs and expenses out of funds raised by general taxation. The ordinance fails to provide that any "certain sum" shall be applied to the payment of such costs and expenses. It was therefore improper for the city to pay such expenses out of the funds raised by special assessment, and the payment of them out of that fund was a diversion and misappropriation of such funds to that extent. Such moneys so improperly diverted from the paving fund should be treated as still in the hands of appellee and available for the payment of any balance due appellant on his paving contract. See *Conway v. City of Chicago*, 237 Ill. 128.

Enough has been said to show that there are funds constructively in the hands of appellee from which any claim of appellant on his contract can be paid, either in whole or in part, and that the finding and judgment of the Circuit Court are erroneous. It follows that that judgment must be reversed.

It is also apparent that interest is chargeable against appellee on funds illegally diverted. *Conway v. City of Chicago*, 237 Ill. 128, and *City of Chicago v. Union Trust Co.*, 138 Ill. App. 545, and on all unpaid instalments of special assessments.

We are asked to enter judgment here for the amount found due appellant, and we have diligently and laboriously attempted to make computations upon which judgment can be entered, but find that data in the record is insufficient, both as to the balance originally unpaid on the contract and the dates from which and the amounts on which interest should be charged, to base anything like a satisfactory statement of account upon. The judgment of the Circuit Court is therefore reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*