## BOARD OF EDUCATION OF CITY OF CHICAGO et al. v. NORFOLK & WESTERN RY. CO.
### No. 5949.

Circuit Court of Appeals, Seventh Circuit.
Feb. 10, 1937.

The injunction under review enjoins the distribution of 1929 taxes in payment of outstanding tax anticipation warrants except on a pro rata basis and forbids payment of the warrants in numerical order. The District Court also found appellee was entitled to an accounting of all funds received under the 1929 tax levy (for educational and building purposes), against which these warrants were issued, and decreed that appellee recover its pro rata share of such sum in proportion to its holding of tax warrants to the total amount issued. A master was appointed to try the accounting issues.

Appellee holds $858,000 of these warrants, which with six percent interest amounted at the time of suit to $1,187,614.-75. There are two educational funds against which the warrants were drawn, but, inasmuch as the issue is the same, we will consider them as one fund. The total face value of the warrants *outstanding* is $10,012,000. The total amount of warrants which already have been called and *paid* aggregates $52,678,000. The undistributed funds which were on hand to pay these warrants were $472,174.14, as of November 26, 1935. The total taxes collected under the 1929 tax levy were $66,772,313.03.

The warrants were issued with varying maturities, the warrants held by appellee having due dates from July 15 to September 15, 1930. Appellee purchased these warrants before maturity in good faith, and at near par. The warrants (a copy of which is set forth below[1]) are payable

1 "Exhibit 'A.'

"No. E 3048                    $5,000
          "State of Illinois
          "County of Cook
          "City of Chicago
    "Tax Anticipation Warrant Note.
    "Know All Men by These Presents: That the City of Chicago, in the County of Cook and State of Illinois will pay to bearer on the 15th day of July, 1930, at the office of the Treasurer of the City of Chicago, in the City of Chicago, Illinois, or at the Banking House of The Guaranty Trust Company of New York, in the City of New York, New York, at the option of the holder, the sum of

    Five Thousand Dollars ($5,000.00) with interest thereon at the rate of Six Per Cent per annum from date hereof until paid.

    "Principal hereof and interest hereon will be paid in lawful money of the United States of America from the proceeds of taxes, when received heretofore levied upon all the taxable property in the City of Chicago for the year 1929 for educational purposes.

    "This warrant is issued in anticipation of said taxes so levied for the year 1929 for educational purposes, to provide a fund to meet and defray the ordinary and necessary expenses of the public schools of the City of Chicago, and is payable, both principal and interest, solely from said taxes when collected, and not other-

solely from the proceeds of the 1929 tax levy, with no responsibility on the part of the City or the Board therefor. The Illinois statute, which provides the manner of issuance of warrants, is also set forth in the margin.[2]

Richard S. Folsom, of Chicago, Ill., for appellants.

William A. Morrow and Walter M. Fowler, both of Chicago, Ill., Thomson, Wood & Hoffman, of New York City, and Gardner, Foote, Morrow & Merrick, of Chicago, Ill., for appellee.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

EVANS, Circuit Judge (after stating the facts as above).

The questions presented on this appeal are:

(1) In case the 1929 taxes are insufficient to pay all the warrants in full, do all holders share pro rata?

(2) If (1) be answered in the affirmative, should appellant, Board of Education, personally account to appellee for moneys improperly paid to other warrant holders in excess of their pro rata share?

(3) Was appellee guilty of laches so as to preclude recovery?

---

wise, which taxes are hereby assigned and pledged to the payment of this warrant and of all warrants issued against and in anticipation of such taxes, the total of which warrants so issued does not exceed seventy-five per cent of the tax levy made therefor, and shall be received by any collector of taxes in payment of the taxes against which it is issued.

"It Is Hereby Certified that all acts, conditions and things required by law to be done precedent to and in the issuance hereof have been properly done, have happened and have been performed as authorized by an act entitled: 'An Act to amend sections 128 to 139 inclusive and section 161 of an Act entitled "An Act to establish and maintain a system of free schools" approved and in force June 12, 1909; and to provide a method of proving the records, rules, resolutions and ordinances of boards of education in cities having a population exceeding 100,000 inhabitants' in force April 20, 1917, as amended and by all other laws thereunto enabling.

"In Testimony Whereof, the Board of Education of the City of Chicago has caused this warrant to be signed by its President and Secretary and the City of Chicago by its City Council has caused its corporate seal to be hereto affixed and this warrant to be countersigned by its Mayor and Comptroller as of the first day of July, 1929.

"H. Wallace Caldwell
  "President, Board of Education
"Wm. Hale Thompson
  "Mayor
    "Charles E. Gilbert
      "Secretary, Board of Education
    "George K. Schmidt
      "Comptroller
"Approved as to Form and Legality:
  "James W. Breen
      "First Assistant Corporation Counsel."

[2] "The board of education shall have power to erect or purchase buildings suitable for school houses, for school administration, and for deriving revenues from school lands, and keep the same in repair; and to issue bonds for the purpose of building, furnishing and repairing school houses and school administration buildings and for purchasing sites for the same, and to provide for the payment of said bonds; and when there is not sufficient money in the treasury to meet the ordinary and necessary expenses for educational and for building purposes, to request the city council, whose duty thereupon it shall be, to order issued warrants against and in anticipation of any taxes levied for the payment of the expenditures for educational and for building purposes to the extent of seventy-five per cent of the total amount of the taxes levied for such purposes: Provided, however, that warrants drawn and issued under the provisions of this section shall show upon their face that they are payable solely from said taxes when collected, and not otherwise, at the time fixed therein and shall be received by any collector of taxes in payment of taxes against which they are issued, and such taxes against which said warrants are drawn shall be set apart and held for their payment. Every warrant issued against said taxes shall bear interest, payable annually out of the taxes against which said warrants are drawn, at a rate of not to exceed six per cent per annum, from the date of their issuance until paid, or until notice shall be given by publication in a newspaper or otherwise that the money for the payment of said warrants is available and that said warrants will be paid on presentation. Provided, however, said rate shall be not to exceed five (5) per cent after April 30, 1932." Laws Ill.1909, p. 379, § 132, as amended by Laws 1929, p. 700, § 1 (Smith-Hurd Ill.Stats. c. 122, § 155 and note).

(4) Did the failure of appellee to protest against the Board of Education's method of paying these warrants create an estoppel against it?

(5) Should the injunction have been granted in addition to the decree for accounting?

■ (1) Each warrant issued by the Board of Education provided:

"This warrant is issued in anticipation of said taxes so levied for the year 1929 for educational purposes, to provide a fund to meet and defray the ordinary and necessary expenses of the public schools of the City of Chicago, and is payable, both principal and interest, solely from said taxes when collected, and not otherwise, which taxes are hereby assigned and pledged to the payment *of this warrant and of all warrants* issued against and in anticipation of such taxes, * * *."

It is true the warrants were numbered, but such numbering was for the convenience of the parties. The numbers did not fix the order of payment of the warrants or give preference of lien to the lower numbered warrants. The language of the warrant pledged the 1929 taxes to the payment "of this warrant and of *all* warrants." The situation was not unlike that of a mortgage which secures several notes. The notes might be numbered, but the mortgage secures them all equally. In the absence of language in the warrant indicating a different understanding we must hold that the money received in the way of taxes was for the payment of all warrants. Jewell v. City of Superior, 135 F. 19 (C. C.A.7); Norris v. Montezuma Valley Irrigation Dist., 248 F. 369 (C.C.A.8). See, also, Sibley v. Mobile, Fed.Cas.No.12,829; Rothschild v. Calumet Park, 350 Ill. 330, 183 N.E. 337; Thomas v. Patterson, 61 Colo. 547, 159 P. 34; Meyers v. Idaho Falls, 52 Idaho, 81, 11 P.(2d) 626; U. S. v. Macon County Court Justices and Treasurer, (C.C.) 75 F. 259.

It is too clear and obvious to need argument to support the legal conclusion that the passage of the Illinois statute (Smith-Hurd Ill.Stats. c. 122, § 155) could not and did not modify or restrict the contract rights of holders of warrants issued and sold before the enactment of said statute.

■ (2) We must answer this question also in the affirmative. The taxes received by the Board constituted a trust fund for the payment of all warrants. The Board held the funds as a trustee. It became liable personally when it distributed this fund among warrant holders in full payment of their warrants to the damage of other warrant holders who received nothing or a sum less than they would have received had the fund been distributed pro rata among all warrant holders (Rothschild v. Village of Calumet Park, 350 Ill. 330, 183 N.E. 337). The exact amount of this liability can only be determined by an accounting which the District Court directed.

■ (3) (4) The findings of the court are inconsistent with facts upon which either the defense of laches or estoppel may be predicated. The court found that the appellee never had knowledge and was not cognizant of the facts shown by the books and records kept by appellants relating to the amount of taxes received, the amount outstanding and uncollected taxes, or disbursements, or funds received in the payment of warrants and the interest thereon, or the rate at which said respective levies were being exhausted by the appellants.

The court further found that the appellee when it discovered the true situation notified the Board of Education of its ownership of warrants and demanded that taxes collected be applied pro rata to the payment of all outstanding warrants. Suit was begun as soon as the Board of Education refused to recognize the validity of appellee's claim.

■ (5) We are of the opinion that a mandatory injunction should have been entered directing the payment of the taxes collected and on hand, or hereafter to be collected, to the satisfaction of outstanding warrants. In other words, the taxes should be promptly distributed. The money should be distributed among the warrant holders in the proportion which each warrant holding interest bears to all the outstanding unpaid bonds. In other words, we think that the court, instead of enjoining payment except in a certain manner, should have ordered payment by the Board of all taxes collected. For the balance which may be due on accounting, a money decree should be entered in appellee's favor against the Board.

As so modified, the decree is affirmed. Each side will pay its own costs.