## NORFOLK & W. RY. CO. v. BOARD OF EDUCATION OF CITY OF CHICAGO.

### No. 7101.

Circuit Court of Appeals, Seventh Circuit.

June 25, 1940.

Rehearing Denied Oct. 19, 1940.

860

Richard S. Folsom, of Chicago, Ill. (Ralph W. Condee, and James W. Coffey, both of Chicago, Ill., of counsel), for defendant-appellant.

Walter M. Fowler, Wm. A. Morrow, and Gardner, Foote, Morrow & Merrick, all of Chicago, Ill., for appellee.

Before SPARKS, and TREANOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant appeals from a final decree of the District Court fixing its liability to plaintiff on accounting at $1,090,591.37, following the decision of this court in Board of Education of the City of Chicago v. Norfolk & Western Railway Company, 88 F.2d 462, and a modified decree entered in pursuance of our mandate. In the former litigation it was determined that defendant, by paying anticipation tax warrants in numerical order rather than by making pro rata application of available funds upon all outstanding warrants, including those of plaintiff, being in contemplation of law trustee of the funds, had become personally and generally liable to plaintiff for its pro rata portion of the moneys. We directed that defendant pay plaintiff such sums as should be shown upon an accounting it would have received upon a pro rata basis and that applicable funds thereafter collected be distributed in accord with the principles announced.

Defendant insists that the trial court erred, (1), in computing the pro rata share of plaintiff, in that, to procure a basis for such calculation, it deducted from the total amount of warrants issued such of them as had been received by the collector in satisfaction of taxes, as provided by statute, and, (2), in allowing interest at the statutory rate of five per cent on the amounts found due plaintiff from the dates when distribution should have been made. It is urged that, in these respects, the court exceeded its authority under our mandate.

The liability sought to be enforced, growing out of defendant's diversion of money rightfully due plaintiff, under the prior decision of this court, following Rothschild v. Village of Calumet Park, 350 Ill. 330, 183 N.E. 337; Conway v. City of Chicago, 237 Ill. 128, 86 N.E. 619, is one personal in character against the Board as such, as a corporate entity. It does not involve, except as a basis for calculation, the face amount of the warrants, which are mere assignments of the tax funds and payable out of them only. Leviton v. Board of Education, Ill.Sup., 30 N.E.2d 497. Consequently, the District Court did not transcend upon the limitations of the mandate of this court in excluding warrants retired by credit upon taxes. It was our intent that plaintiff, holder of interest bearing warrants, should share pro rata in the common, available funds with all others in the same class, namely, all those who held warrants remaining unsatisfied. This class did not include those who, holding warrants, had delivered them to the collector in satisfaction of taxes. Under the statute, the latter warrants were thereby satisfied in full.

Their holders received credit for their face amount and the Board received, by the discharge of taxes, 100 per cent of so much of the levy as is represented by them. Therefore, when proper allocation of the trust funds was determined by the court, it quite properly gave no consideration to the warrants thus discharged. So far as plaintiff and all others in the same class are concerned, it is as if such satisfied warrants had never existed. Bearing in mind the principle that a decree is to be construed with reference to the issue it is meant to decide, (Vicksburg v. Henson, 231 U.S. 259, 34 S.Ct. 95, 58 L.Ed. 209) and that the intent of an adjudication is to be determined not from mere isolated parts of the opinion but from consideration of all issues submitted and intended to be disposed of, in other words, from what the decree is really designed to accomplish, it follows that the District Court did not misconstrue the mandate but interpreted it according to its true purport.

■ The master recommended that the decree should allow plaintiff the respective amounts that defendant should have distributed to it in accord with the prior decision, with interest thereon at the statutory rate of five per cent from the respective dates when such distributions should have been made. Defendant now insists that such a decree, in view of the fact that the warrants bear interest at the rate of six per cent per annum, is to require of defendant double payment of interest. But this is not the recommendation of the master, approved by the decree. Rather, the master said that the court should direct that the full amount to be paid under the decree, including interest allowed at the statutory rate, should be "applied first to the payment of interest which has accrued on the warrants and the balance, if any, on the principal." By such provision, he believed, the possibility of the Board being required ultimately to pay more interest than that specified in the warrants, would be entirely eliminated. He expressly attempted to avoid any result whereby plaintiff would be able to collect both the statutory and the warrant rate. The purport of this recommendation, approved by the District Court, is that plaintiff shall have only one satisfaction, that is, payment of the amount represented by its pro rata share of the funds collected and properly applicable to its warrants and interest.

But we doubt the efficacy of the language of the master's report approved by the court to prevent that which was feared,— double payment of interest, though the method of calculation actually employed indicates an intent to make proper application of the governing principles. The real situation is this: the face amount of each warrant, plus the accumulated interest at six per cent per annum, as is in the instrument provided, computed to the time when the distribution should have been made, is the basis for the determination of the pro rata share of each of the warrant holders. When, for the first specific distributive date, the pro rata share applicable upon each warrant is determined upon this basis, there should be credited thereon and deducted therefrom the amount, if any, actually received, whether for interest or for principal. The balance of the share then remaining unpaid represents the amount improperly diverted by the Board and, under the decree previously directed, for this sum the Board is liable in an action for money had and received with interest at five per cent per annum to the date of the decree,—a rate charge which attaches under the statute because of the wrongful diversion. But to determine the deficiency at the next distributive date, we must, in calculating the pro rata interest of each of the warrant holders, determine how much remains due upon the warrant after crediting upon the same the sum actually paid and the credit for the charge made against the Board for the amount of the distributive share improperly paid to others by the Board. Thus, at the second distributive period, plaintiff is entitled to have paid to it another pro rata distributive share, which should be computed by deducting from the total amount due at the date of the first distribution including interest at six per cent, the sum if any actually paid plus the deficiency in the pro rata share charged against the Board as a personal liability. The balance remaining, including interest at six per cent per annum, is the pro rata amount due plaintiff upon its warrants; but this debit is in addition to that against the Board on account of the first deficiency, which is bearing interest at the rate of five per cent per annum. In other words, upon each distributive date, in determining the status of plaintiff, it is to be credited with the amount due upon its warrants plus interest less a credit for such money as was paid, if any, at the time same was paid and

less also a credit for the charge against the Board made under the decree at any prior distributive period.

This becomes clear when we make use of specific figures. Let us suppose $3,000 in warrants were outstanding in 1930, $1,000 being held by each of A, B and C, C representing plaintiff, and the warrants being numbered respectively 1, 2 and 3. Then let us suppose that in each of the years from 1931 to 1934 inclusive, the Board collected to apply upon the warrants, $480. Under our decision and the decree entered, each of these holders was entitled to $160 out of the first payment in each of four years. At the end of the period, crediting as the decree directs, at each distributive date, $160 to each of the parties, there would remain unsatisfied in 1934 approximately $560 upon each of the three warrants.

But if we follow the method originally found to be erroneous, within the first year the holders of warrants 2 and 3 would each receive only the interest of $60 and the entire balance of the fund, namely, $360, would be paid upon warrant #1 and, following this method for each successive year, at the end of the fourth year warrant #1 would be discharged in full, warrant #2 reduced to approximately $680 and warrant #3 left with no credits, except interest. There would remain unsatisfied upon B's warrant $680 and upon C's $1,000,—a total of $1,680, just equalling the amount due all of A, B, and C under the correct method. Plaintiff, at the end of the fourth year instead of having $1,000 unsatisfied, would under the proper method, have due it only $560.

But the problem is not so simple as this, because under the decree rendering the Board personally liable C, under the example cited, in the first year failed to receive out of his pro rata share $100. The total due it at that time was $1,060, represented by the face amount of the bond plus six per cent interest. The amount paid was $60. The amount received should have been $100 plus the interest of $60. Having received only the interest, there was a shortage of $100, for which under the decree, the Board then became liable and which, under the statute, should be charged against the Board and bear interest at five per cent per annum. But on the second distributive date there would be due the balance of $900 plus interest thereon of six per cent per annum from the first distributive date, and if this interest but nothing else, were paid, there would be another deficiency of $100 and this likewise would bear interest at the rate of five per cent until paid. And so at each succeeding distributive period, the Board of Education must be charged with the deficiency each time plus five per cent, but, in determining each deficiency, the basis must be the balance due after crediting upon the warrant and its interest, at the rate of six per cent until the date of distribution, the deficiency charged against the Board at the first distributive date. The date when a distribution should have been made is the same as the date of maturity dealt with in Conway v. Chicago, 237 Ill. 128, 86 N.E. 619. The amount due bears interest at six per cent until the date of maturity but only at five per cent thereafter. Rothschild v. Calumet Park, 350 Ill. 330, 183 N.E. 337.

We believe we have expounded the guiding principle sufficiently explicitly. The master was right in his declared attempt to avoid double interest but we have some doubt that his recommendation and the decree adequately protected the Board. If the method suggested be followed, there will be no possibility of duplicate interest.

We cannot accede to defendant's premise that it is not liable for interest. That question, obviously, must be determined under the laws of Illinois. Aetna Casualty & Surety Co. v. People, 7 Cir., 72 F.2d 452. Smith-Hurd Ann.Stat. Chap. 74, Sec. 2, provides that creditors shall be allowed interest at the rate of five per cent on all money received to the use of another and retained and on moneys withheld by unreasonable or vexatious delay. Under Rothschild v. Village of Calumet Park, 350 Ill. 330, 183 N.E. 337, and Conway v. City of Chicago, 237 Ill. 128, 86 N.E. 619, municipalities are liable for interest where they have lawfully obtained and unlawfully and wrongfully withheld or converted moneys of trust character, and, under the statute, they are liable in an action of assumpsit for moneys had and received. City of Chicago v. Joseph, 7 Cir., 95 F.2d 444; LaParr v. City of Rockford, 7 Cir., 100 F.2d 564.

The cases cited by defendant do not militate against this rule. In none of them was there a wrongful withholding. In Vider v. Chicago, 164 Ill. 354, 45 N.E. 720, 721, cited by defendant, the court recognized the distinction saying: "Where mon-

ey has been wrongfully obtained and illegally withheld by a municipal corporation, the party entitled' may recover the money, and interest in the way of damages. County of LaSalle v. Simmons, 5 Gilman 513 [520]. So in Bourland v. County of Peoria, 16 Ill. 538 [539], where the county sold certain lands to one person, received payment, but did not convey, and subsequently sold and conveyed the lands to another, the county was held liable to refund the money received, and interest, as for a breach of trust. In County of Pike v. Hosford, 11 Ill. 170, the question arose whether the county was liable for interest on money due on a contract, and it was held that counties are not liable to pay interest on those contracts, except in pursuance of an express agreement to do so. In the decision of the case the court referred to [Madison County v. Bartlett, 1 Scam. [Ill.], 67, where the same rule was announced, and also referred to] LaSalle County v. Simmons, [supra], where the county was held liable for interest when it had obtained money without authority of law or color of right, and, after distinguishing the two cases, said [p. 176]: 'The conclusion to be drawn from these decisions is that counties do not pay interest on their contracts, except in pursuance of an express agreement to do so, but that, in actions originating in torts, they are liable to the same extent as private persons.' "

■ Defendant's assertion of exemption from the rule on the ground that it is not a municipal corporation is without merit. Illinois Rev.Stat. c. 122, § 151, Cahill's Rev. St., c. 122, par. 152, creating the Board, provides that it shall be a body politic and corporate which may sue and be sued. In Board of Education v. Upham, 357 Ill. 263, 191 N.E. 876, 94 A.L.R. 813, the court held that the Board is a municipal corporation with territorial jurisdiction co-extensive with the City of Chicago, possessing the powers usually exercised by municipalities in issuing bonds and incurring indebtedness. The Board has power to collect taxes and we have previously adjudged that it, in performing this power and in distributing the proceeds, violated its duty as trustee of the funds. It is a trustee, just as the city was trustee in Conway v. City of Chicago, supra, and the village in Rothschild v. Village of Calumet Park, supra. We have previously held that the act of the Board in withholding payments from plaintiff was wrongful. The statute expressly provides for the payment of interest in such case. Defendant is clearly within the statute, as interpreted by the Supreme Court of Illinois, Conway v. City of Chicago, 237 Ill. 128, 86 N.E. 619; Shade v. City of Taylorville, 212 Ill.App. 512.

■ Plaintiff insists also that allowance of interest was precluded by the law of this case as determined in the District Court and on the prior appeal. While we did not discuss interest, we did announce that plaintiff was entitled to its pro rata share of the tax money, which obviously, included both principal and interest upon its warrants. The legal result of our decision was that interest, as an incident to the debt, followed it and that in determining the amount due plaintiff, as well as other warrant holders, the yardstick should be that to which it was legally entitled, namely, principal and interest. The court, rightfully, in determining any holder's pro rata share, must consider interest.

The decree is reversed with directions to make the accounting in accord with this opinion; in all other respects it is affirmed.