Grand Carniolian Slovenian Catholic Union of United States of America, Appellee, v. Village of Rockdale, Appellant.

Gen. No. 9,768.

Heard in this court at the February term, 1942.

Opinion filed April 8, 1942. Rehearing denied May 5, 1942.

LUDWIG V. KUHAR, of Joliet, for appellant.

Frank J. Jones, of Joliet, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

The Grand Carniolian Slovenian Catholic Union of the United States of America, a fraternal organization, is the owner and holder of certain special assessment bonds, bearing interest at 6 per cent per annum, of various denominations and amounts issued by the Village of Rockdale, in payment for work and materials and expenses with special assessment warrants Nos. 1031, 1032 and 1033. These bonds were past due in both principal and interest, and said corporation started a suit in the circuit court of Will county against the Village of Rockdale for an accounting. It asked that the said Village of Rockdale be ordered to pay to the holders of the bonds, their pro rata share of the same of whatever was found to be due on the bonds.

The complaint alleged that the defendant, the Village of Rockdale, had issued the said bonds, and that the plaintiff was the holder of the same, and was entitled to payment of both principal and interest on said bonds; that the bonds are what is commonly termed special assessment bonds issued by the said village on certain sewer projects which had been built in said village. It is alleged that the village collected large sums of money on the instalments due on said special assessments, and had failed to pay over to the plaintiff, their pro rata share of said collections; that the Village of Rockdale should be compelled to account for its collections and disbursements of these special assessment funds, and after determining what interest and principal due and owing upon the bonds, that the village be ordered to pay to the plaintiff the said sums, together with interest, at the rate of 5 per cent on all sums due from the time said money was due and owing upon said bonds, to the date of the final accounting.

The defendant filed a motion to dismiss the complaint, because it appears that there are other bondholders who hold or own bonds of the same special assessment number, and that they are necessary parties plaintiff or defendant to the litigation. This motion was denied by the court. The defendant then filed its answer, and admitted the issuance of the bonds, the ownership of the same by the plaintiff, and that the same should be paid by special assessments, as charged in the plaintiff's bill of complaint. The defendant denied that it had failed to pay the plaintiff its pro rata share of the principal and interest collected in each of the various instalments of the special assessment, or that upon an accounting, it would be found that the Village of Rockdale has failed and refused to pay, upon said bond held by the plaintiff, its distributive shares of the money collected on the instalments of said special assessment, or that an accounting would show that the officers of said village had diverted any sums of money for purposes other than the payments of the bonds and coupons issued against said special assessment. It denied that the village was liable to pay any interest whatsoever, on said past due instalment.

In the answer (paragraph 16), the defendant again raised the question that the necessary parties, either plaintiff or defendant, were not before the court, as there were other bondholders of the same issue as that of the plaintiff. The answer also states that the owners and holders of said bonds are unknown to the defendant. The plaintiff made a motion to strike paragraph 16 of the defendant's answer, alleging that it did not state any defense to the plaintiff's cause of action. The motion was sustained and this part of the defendant's answer was stricken.

The cause was referred to the master in chancery to report his conclusions of facts and law in the case. Evidence was heard by the master who made his re-

port finding in favor of the plaintiff and recommended a decree accordingly. The village filed objections to the report, which were overruled. Exceptions were filed in the circuit court to the master's report, which were also overruled, and the court entered its decree finding in favor of the plaintiff in the sum of $34,367.70. It is from this decree that this appeal is prosecuted.

It is first insisted that the court erred in denying appellant's motion to dismiss the complaint. The appellant has not seen fit to argue this point, so it is considered waived, but they raise the same question in point two, where they say the court erred in granting appellant's motion to strike, and in striking paragraph 16 of appellant's answer. It will be observed from a reading of the complaint, and also the decree of the court, that the plaintiff was not seeking to collect any money that any of the other bondholders might be interested in, relative to these special assessments, but only its pro rata share of the proceeds of the same. The other bondholders, if the plaintiff had cared to make them so, would have been proper parties to the litigation, but not necessary parties, therefore the trial court properly ruled that paragraph 16, of the defendant's answer did not state any defense to the appellee's bill of complaint.

It is next insisted that the trial court erred in holding that the Village of Rockdale was chargeable in the accounting for public benefits due and owing, but not paid by the village in the special assessment warrants Nos. 1031, 1032 and 1033. The facts in this litigation are not in dispute. The plaintiffs introduced their bonds in evidence. An auditor, a certified public accountant, was called as a witness, and testified as to his findings on examination of the records and files of the Village of Rockdale; that checked the same with the county treasurer of Will county for the purpose of determining what principal and interest of the delinquent instalments had been collected by said treas-

urer and turned over to the village; that he checked the payments of principal and interest received by the plaintiff; that his report showed a true and correct account of the bonds in question, with the Village of Rockdale. This report showed the amount due upon each assessment, and the pro rata share of the plaintiff. He also computed the interest due on the past due payments, at the rate of 5 per cent per annum. This report showed the public benefits which had been charged to the Village of Rockdale in the three improvements. These benefits were spread on the assessment roll against the property benefited, and were divided in ten instalments and judgments against the village, and confirmation was entered thereon, by the county court of Will county. The Village of Rockdale never paid any part of these benefits in money for the improvements. The payments or collection of these public benefits have been entirely ignored by the village. It is admitted by the appellant that they made no attempt, or effort to collect any of these unpaid assessments.

It is contended that a suit for an accounting will not lie against the village for these unpaid assessments, but the proper remedy should be by mandamus to compel the city to first collect the assessments. It is admitted that the improvements have been completed and accepted; that the city has obtained credit for the public benefits, and judgment has been entered in the county court against the city for the amount of these ten assessments. In the case of *Shade v. City of Taylorville*, 212 Ill. App. 512, it is said: "The stipulation in the contract that the city should not be held liable to pay to appellant any money to be raised by special taxation until it was in fact paid into the city treasury cannot be held to apply to moneys due from the city on special assessments. It would be strange law that would permit a city to defeat its own legal obligations by a wilful or negligent failure on its part to turn into the paving fund the

amount duly assessed against it for public improvements or special benefits to its property. *Conway v. City of Chicago*, 237 Ill. 128.'' It is our conclusion that the court did not err in holding that the appellant was chargeable in the accounting with the public benefits due and owing by, but not paid by appellant, under the special assessment warrants in this case.

It is next insisted that the court erred in holding that the appellant was chargeable with 5 per cent interest per annum on the monies claimed to be withheld by appellant, and due appellee, which interest was figured from the maturity dates of the special assessment bonds to the dates of the accounting. In *Bankers Life Co. v. Village of Elmwood Park*, 280 Ill. App. 524, and *Conway v. City of Chicago*, 237 Ill. 128, the liability of municipal corporations for interest on special assessment bonds was raised and each court held adversely to the contention of the appellant. We think the trial court properly allowed interest at the rate of 5 per cent in this case.

Appellant objects to the amount of $235 as master's fees allowed by the court. The master, in explanation of his fee, certified that he had spent 22 hours actual time in hearing and reporting the case, for which he made a charge of $10 per hour, and a statutory charge of $15 for the testimony taken. In addition thereto, it was necessary to employ a court reporter for which a reasonable fee for the same would be $30.25. The appellant does not object to the $15 for the taking of evidence for the master, or of the $30.25 for the court reporter, but it does insist that the other fee is exorbitant and unreasonable. Figuring the charges of the master on a per diem basis at six hours a day would be $60. Such an allowance cannot stand in view of the ruling of the Supreme Court in *Klekamp v. Klekamp*, 275 Ill. 98.

It is finally alleged that the court erred in its decree directing the course of conduct to be pursued in the performance of duties by those who may be officials

of the municipality in the future. The decree in part is as follows: "That the Village, through its proper officials, shall appropriate and levy such sums of money as may be necessary for the specific purposes of paying the amounts so found to be due and owing from said Village of Rockdale to said plaintiff at the next general tax levy, said amount so appropriated and levied being in addition to the amount required for the actual necessary corporate purposes, and continue from year to year so to do until said amount is sufficient to pay the judgment herein provided for in full, together with interest thereon at the rate of five per cent per annum from the date of entry of this decree, and the costs of this proceeding." As authority for the proposition that this decree is improper, the appellant cites and relies upon *Rothschild v. Village of Calumet Park*, 350 Ill. 330. In ruling on a similar provision in a decree, the Supreme Court in that case uses this language: "While a court of equity may take jurisdiction of a proceeding to enforce a trust where the officers of a municipality have been guilty of a breach of the trust in the performance of their duties, it will not take charge of the management of the affairs of the municipality and direct the course of conduct to be pursued in regard to the performance of duties by those who may be officers of the municipality in the future. Because the officers have failed, either ignorantly or willfully, to perform their duty, the court will not assume that they will continue to do so after an adjudication of the court has determined that their course was wrong."

The appellee cites several cases where it is claimed similar language was used in decrees, and the same was held not objectionable. We have examined all of the cases so cited, but if any of the decrees contained such language, it is not set forth in the opinion of the court, and no objection was raised to the use of such language if the decree did contain such language.

We think the principle of law, as announced in *Rothschild v. Village of Calumet Park, supra,* is controlling in this case, and it was error for the court to include the language used in the decree.

The decree will be affirmed in so far as the result of the accounting is concerned, and wherein it directs the payment of $34,367.70 from the Village of Rockdale, to the plaintiff. So far as it purports to direct the course of conduct of the officers of the Village of Rockdale in regard to the method of payment, levying of tax, etc., to pay said judgment, and the allowance of $235 as a fee for the master in chancery, it is reversed. The appellant in error will pay three-fourths of the cost of this proceeding, and the appellee one-fourth. (*Rothschild v. Village of Calumet Park, supra.*)

*Affirmed in part and reversed in part and remanded.*