## FIRST NAT. BANK & TRUST CO. OF RACINE v. VILLAGE OF SKOKIE.

### No. 10612.

United States Court of Appeals
Seventh Circuit.

Sept. 23, 1952.

Emmett J. McCarthy, Joseph J. Witry, George R. Lyon, Chicago, Ill., for appellant.

Howard A. Brundage, Charles F. Short, Jr., P. Sveinbjorn Johnson, Chicago, Ill., for appellee.

Before KERNER, DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

This action was brought in equity by plaintiff, as the holder of special assessment bonds issued by defendant. Plaintiff alleged liability of the municipality by reason of collections which it claimed were made in cash, and which defendant insisted had been made by surrender of bonds. The cause was referred to a special master, who found the issues favorable to plaintiff. After deducting sums theretofore paid to plaintiff, the master computed that principal in the amount of $91,178.83, plus $68,271.70 interest, was due plaintiff on April 30, 1947, and he recommended that a judgment against the defendant be entered for $159,450.53 and costs.

The district court sustained defendant's exceptions to the master's report, and entered judgment favorable to plaintiff for $5,000, a sum which defendant conceded to be due to plaintiff. Upon appeal to this court we reversed the district court and remanded for entry of judgment consistent with our opinion. 7 Cir., 190 F.2d 791, certiorari denied 342 U.S. 909, 72 S.Ct. 303. In our opinion we stated, 190 F.2d at page 796: "The findings of the master are not clearly erroneous; it is our opinion that they are correct, and that the defendant's objections to the master's report should have been overruled, and judgment entered in favor of the plaintiff in the sum of $159,450.53, plus costs."

Thereafter a petition by defendant for rehearing was denied. A petition by plaintiff for a clarification of our opinion was also denied. In this petition plaintiff asked that the trial court be directed to include in its judgment interest on moneys, unlawfully withheld, computed from May 1, 1947, to and including the date when the final decree would be entered.

Upon remand the district court directed that there be included in the judgment interest computed from May 1, 1947, to the date of said judgment. The matter before us on this appeal and the only contested issue is whether the district court erred in including interest from the end of the previous accounting period to the date of its judgment.

■ Defendant argues that this issue was determined when this court denied the petition to clarify our opinion. We feel that defendant's contention in this respect is without merit. All this court decided in denying plaintiff's petition was that there was no necessity for a clarification of its opinion as filed. We thought the opinion sufficiently clear, although this appeal would indicate it was not as clear to defendant as it was to us.

■ We turn now to the merits of the issue before us. The jurisdiction of the court is based upon diversity of citizenship, and the substantive law of Illinois is therefore applicable. Sec. 2 of the Interest Act of Illinois, Sec. 2, Chap. 74, Ill.Rev. Stat.1951 Ed., provides in part: "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond * * * [and] on money received to the use of another and retained without the owner's knowledge; and on money withheld by an

unreasonable and vexatious delay of payment." Among the findings of the special master approved by this court were the following: "The defendant Village, in its Trust capacity, has collected in cash certain sums that are lawfully applicable only to payments on the plaintiff's bonds and coupons. This money has been had by the defendant Village and willfully withheld from the beneficiary and upon determination of the amount so withheld from the plaintiff, the Village is liable therefor."

In a somewhat similar situation this court applied Illinois law in Norfolk & W. Ry. Co. v. Board of Education of City of Chicago, 7 Cir., 114 F.2d 859. In that case the plaintiff was the holder of certain tax anticipation warrants and the defendant appealed from the judgment entered on the mandate issued by this court, assigning as error the trial court's allowance of interest which was not expressly set forth in the mandate. This court stated, 114 F.2d at page 862: "We cannot accede to defendant's premise that it is not liable for interest. That question, obviously, must be determined under the laws of Illinois. * * Smith-Hurd Ann.Stat. Chap. 74, Sec. 2, provides that creditors shall be allowed interest at the rate of five per cent on all money received to the use of another and retained and on moneys withheld by unreasonable or vexatious delay. Under Rothschild v. Village of Calumet Park, 350 Ill. 330, 183 N.E. 337, and Conway v. City of Chicago, 237 Ill. 128, 86 N.E. 619, municipalities are liable for interest where they have lawfully obtained and unlawfully and wrongfully withheld or converted moneys of trust character, and, under the statute, they are liable in an action of assumpsit, for moneys had and received."

We think it clear that under Illinois law the district court was correct in allowing interest from the last date of the accounting period, as computed by the master, to the date of the district court judgment.

A very similar situation is found in Blair v. Durham, 6 Cir., 139 F.2d 260. In that case the appellate court affirmed the judgment below and issued a mandate which was silent as to interest. Under the laws of Tennessee, interest is to be computed on judgments to the date of payment. The Court of Appeals for the Sixth Circuit said, 139 F.2d at page 261: "Interest upon a judgment secured by positive law is as much a part of the judgment as if expressed in it. (Citing.) * * * It is also well established that existing statutes affecting judgments and mandates at the time of entry or issuance become a part of them and must be read into such judgments and mandates as if an express provision to that effect were inserted therein."

Defendant contends that as this is a proceeding in equity the Interest Act of Illinois has no application. However, such is not the law of Illinois. Rothschild v. Village of Calumet Park, supra, upon which this court relied in the Norfolk & W. Ry. Co. v. Board of Education of City of Chicago case, supra, was an action in equity.

Judgment affirmed.