## MILWAUKEE TOWNE CORP. v. LOEW'S, Inc.

### No. 10585.

United States Court of Appeals Seventh Circuit.

Nov. 14, 1952.

Writ of Certiorari Denied March 9, 1953.

See 73 S.Ct. 650.

Thomas C. McConnell, Chicago, Ill., for appellant.

Miles G. Seeley, Bryson P. Burnham, Chicago, Ill., for defendants Loew's Inc., RKO Radio Pictures, Inc., and Columbia Pictures Corp., Mayer, Meyer, Austrian & Platt, Chicago, Ill., of counsel.

Edward R. Johnston, Samuel W. Block, John Paul Stevens, Chicago, Ill., for defendant Paramount Pictures, Inc., Johnston, Thompson, Raymond & Mayer, Chicago, Ill., of counsel.

John F. Caskey, Francis E. Matthews, Robert W. Bergstrom, Chicago, Ill., for defendant Twentieth Century-Fox Film Corp.

Vincent O'Brien, Richard L. Wattling, Chicago, Ill., for defendants, Warner Bros. Pictures Distributing Corp., Warner Bros. Circuit Management Corp. and Warner Bros. Theatres, Inc., Defrees, Fiske, O'Brien & Thomson, Chicago, Ill., of counsel.

Before MAJOR, Chief Judge, and KERNER and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

This is an appeal from a judgment, entered January 25, 1952, pursuant to mandate following our decision in Milwaukee Towne Corp. v. Loew's, Inc., 7 Cir., 190 F.2d 561. The sole question on this appeal arises from the refusal of the District Court to include interest claimed to have attached prior to the entry of judgment. There is no occasion to reiterate what we have stated in our previous opinion except as it may be relevant to the question instantly presented.

The action, predicated upon the anti-trust laws, was for treble damages. Title 15 U.S. C.A. § 1 et seq. On February 6, 1950, the District Court entered findings of fact and conclusions of law, which among other things stated:

"Plaintiff is entitled to a judgment in the amount of $431,959.42 trebled, or $1,295,878.26, plus the costs of this suit

and attorney's fees to be allowed by this Court, and plaintiff is also entitled to an injunction against defendants, as prayed in the complaint."

On February 9, 1950, the court entered judgment as follows:

"It is Hereby Ordered that a judgment in favor of plaintiff in the amount of One Million Two Hundred Ninety-five Thousand Eight Hundred Seventy-eight Dollars and Twenty-six Cents ($1,295,878.26) be and it is hereby entered herein, plus the costs of this suit and plaintiff's attorney's fees to be fixed by further order of this Court."

On April 14, 1950, the court entered an additional judgment in favor of the plaintiff in the amount of $225,000 as reasonable attorney fees. On appeal this court reversed both judgments (citation supra).

As our former opinion discloses, damages for which recovery was sought were divided into two periods. For the first period, damages were found in the amount of $118,101.32, and for the second period in the amount of $313,858.10, or a total of $431,959.42, which when trebled amounted to $1,295,878.26, the amount for which judgment was rendered. This court concluded there was no support for the findings upon which damages for the first period were predicated but that the findings as to the second damage period were properly supported, 190 F.2d at page 566. This court also concluded that the allowance of plaintiff's attorney fees in the amount of $225,000 was excessive and reduced such allowance to $75,000. 190 F.2d at page 569 et seq.

This court concluded its opinion by stating, 190 F.2d at page 573:

"From what we have said and decided, it follows that the treble damage judgment is reversed, with directions that it be vacated, and in its stead a judgment be entered in favor of the plaintiff in the sum of $941,574.30. Likewise, the judgment for 'a reasonable attorney's fee" is reversed, with directions that in its stead a judgment be entered in favor of the plaintiff in the amount of $75,000."

In conformity with such direction, the mandate provided:

"(1) That the treble damage judgment entered by the said District Court on February 9, 1950 be reversed and that the cause be remanded to the said District Court with directions that it be vacated and in its stead a judgment be entered in favor of the plaintiff in the sum of $941,574.30.

"(2) That the judgment for a reasonable attorney's fee entered by the said District Court on April 14, 1950 be reversed and that the cause be remanded to the said District Court with directions that in its stead a judgment be entered in favor of the plaintiff in the amount of $75,000.00."

Following receipt of our mandate, plaintiff requested the District Court for an allowance of interest to be included in the judgment (at the Illinois rate of 5%) on $941,574.30, from February 9, 1950, the date of the original judgment for treble damages, plus interest on the costs assessed at the time of the entry of such judgment, and on $75,000, from April 14, 1950, the date of the original judgment for attorney fees. Plaintiff's request for the inclusion of interest was denied and, on January 25, 1952, the District Court entered the judgment appealed from. That judgment, among other things, vacated the treble damage judgment of February 9, 1950, and the attorney's fee judgment of April 14, 1950, respectively, and entered a new treble damage judgment in favor of the plaintiff in the sum of $941,574.30, and a new judgment for attorney fees in the sum of $75,000.

We again emphasize that our mandate called for the entry of judgments in specified amounts, respectively, which was followed by the District Court. It may be pertinent to note that no attack is directed at the propriety of our mandate and obviously an attack now made would come too late. It also may be observed that the plaintiff in this court abandons its claim for interest on its judgment for attorney fees in view, so it is said, of our decision in Harris v. Chicago Great Western Railway Co., 7 Cir., 197 F.2d 829, 836. It follows that the issue

now is reduced to the single question arising from the court's refusal to allow and include interest in the treble damage judgment.

 Notwithstanding plaintiff's insistence to the contrary, we think that Briggs v. Pennsylvania Railroad Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403, is so nearly in point on the facts as to make the holding decisive of the question before us. There and here, the suit was to recover damages resulting from the violation of a Federal statute. In the Briggs case, it was the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.; here, it was the Sherman Anti-Trust Act. In the Briggs case the jury returned a verdict of $42,500. Thereafter the court allowed a motion, as.to which ruling had been reserved during the trial, to dismiss the complaint for lack of jurisdiction, and entered judgment of dismissal. The Court of Appeals reversed and remanded, with directions to enter judgment for the plaintiff on the verdict. 153 F.2d 841, 843, 163 A.L.R. 1281. Upon remandment, the District Court included in its judgment not only the amount designated by the verdict but also interest thereon, from the date of the jury rendition to that of the judgment. Upon appeal, the sole question, as here, was whether the District Court had the power to include interest. The Court of Appeals held that it did not and modified the judgment to exclude all interest. 164 F.2d 21, 23, 1 A.L.R.2d 475. In so doing the court stated:

"The only judgment which could then lawfully have been entered was, however, one which conformed to the mandate of this court. That directed judgment in the amount of the verdict but made no direction whatever as to interest. When our mandate specifically directs the entry of judgment for a designated amount, the District Court is without power to enter judgment for a different sum." (Citing cases.)

This ruling was affirmed by the Supreme Court. 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403. That court, after stating the rule that an inferior court has no power or authority to deviate from the mandate issued by an appellate court (citing many cases), stated:

"We do not see how it can be questioned at this time. It is clear that the interest was in excess of the terms of the mandate and hence was wrongly included in the District Court's judgment and rightly stricken out by the Circuit Court of Appeals. The latter court's mandate made no provision for such interest and the trial court had no power to enter judgment for an amount different than directed."

Certainly the mandate in the Briggs case was no more specific in its requirements than the mandate in the instant case. Here, our mandate not only required that the old judgments be vacated but that new judgments be entered in reduced but in definitely specified amounts. And there is no discernible basis for a contention that the allowance of interest here would not have been in excess of the mandate the same as it was in the Briggs case.

Plaintiff contends that under the Rules of Decision Act, 28 U.S.C.A. § 1652, it was entitled to the allowance of interest to be included in the judgment in accordance with the law of Illinois. Section 3 of the Illinois Interest Act, Smith-Hurd Illinois Annotated Statutes, Chap. 74, Sec. 3, is relied upon. This section provides for interest on a judgment entered "upon any award, report or verdict * * *." Plaintiff treats the finding of damage made in the original hearing and approved by this court as a "verdict" and contends it is entitled to interest on the amount so found in treble form to the date of the entry of the instant judgment. When and under what circumstances interest is allowable in accordance with State law we need not discuss or decide. Neither do we need cite or discuss cases which plaintiff relies upon in support of its contention, in view of the decision of the Supreme Court in the Briggs case. It is true, as pointed out by plaintiff, that no reference was made in the Briggs opinion to the State law regarding interest. However, our attention is called to a provision of the New York statute, Sec. 480 of the

New York Civil Practice Act, quite similar to the Illinois statute relied upon by plaintiff and which provides for the allowance of interest in the State courts. It is not discernible from a reading of the opinion in the Briggs case, either by the Court of Appeals or by the Supreme Court, whether the contention was made which plaintiff makes here, that is, that interest was allowable in accordance with State law. It is unlikely, however—in fact, almost inconceivable—that both the Court of Appeals and the Supreme Court should have overlooked such a decisive point in holding that the District Court was without power to enlarge upon the mandate. It might be added that the vigorous dissenting opinion in the Supreme Court in the Briggs case likewise makes no mention and places no reliance upon the applicability of State law.

Plaintiff also contends that the recent opinion of this court, First National Bank & Trust Co. of Racine v. Village of Skokie, 7 Cir., 198 F.2d 1017, is decisive in its favor. We do not agree with this contention. The Skokie opinion makes no mention of the decision of the United States Supreme Court in the Briggs case for the obvious reason that the question for decision arose under dissimilar circumstances. True, the Illinois law applicable to interest was applied but, as we stated, "The jurisdiction of the court is based upon diversity of citizenship, and the substantive law of Illinois is therefore applicable." In contrast, as noted, the action in the Briggs case as well as in the instant case was for the recovery of damages predicated upon a Federal statute; jurisdiction was not invoked by reason of diversity. Moreover, this court in the original Skokie case, 190 F.2d 791, 797, reversed and remanded the District Court judgment "with directions to enter judgment consistent with this opinion". The mandate did not direct that the District Court enter judgment in a specified amount, as was done in the Briggs case as well as in the instant case.

We therefore conclude for the reasons stated that Illinois law is not applicable. Such being our conclusion, there re-

mains no occasion for resolving the dispute as to the meaning or interpretation of the Illinois provision upon which plaintiff relies.

The judgment appealed from is
Affirmed.